Buenaventura **JUAREZ–JUAREZ,**
Petitioner,

v.

Michael B. **MUKASEY,** Attorney
General, Respondent.

No. 06–75083.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Jesse Bless, Patrick J. Glen, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Buenaventura Juarez–Juarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision finding him removable from the United States for alien smuggling under Section 237(a)(1)(E)(i) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1227(a)(1)(E)(i), and finding him ineligible for cancellation of removal or adjustment of status. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), and review for substantial evidence the agency's findings of fact, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA properly determined that Juarez–Juarez was removable and that his actions constituted alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i), be-

cause he "provided some form of affirmative assistance to the illegally entering alien[s]." *Altamirano*, 427 F.3d at 592.

Contrary to Juarez–Juarez's contention, his participation in alien smuggling renders him inadmissible as an applicant for adjustment of status. *See* 8 U.S.C. §§ 1255(a)(2); 1182(a)(6)(E)(i) ("Any alien who at any time knowingly ... assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."), and he is not eligible for a waiver because the persons he assisted were not his "spouse, parent, son or daughter," *see* 8 U.S.C. § 1182(a)(6)(E)(ii). Moreover, he was not denied adjustment of status for having committed a crime of moral turpitude, so the waiver provision of INA Section 212(h) is not applicable to him. *See* 8 U.S.C. § 1182(h).

Juarez–Juarez's remaining contentions, including those regarding equal protection, are not persuasive.

We lack jurisdiction to review Juarez–Juarez's contentions regarding his eligibility for cancellation of removal and the admissibility of the I–213 form and sworn statement because he failed to raise those issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.